SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MORRIS COUNTY
--------------------------------------------------------------------X
JOSEPH RAKOFSKY,

                    Plaintiff,

           v.

WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS
& RESORTS, INC., RAMADA BY WYNDHAM, PARAS
PATEL, JOHN DOE, HOTEL TONIGHT,

                  Defendants.
--------------------------------------------------------------------X

**PETITION FOR REMOVAL**

*Civil Action No*. MRS-L-1245-20

Defendants Ashish Dhruvi LLC i/p/a Ramada By Wyndham and Paras Patel, by SMITH

MAZURE, P.C. in the above-entitled proceeding, desiring to exercise their right to removal

pursuant to 28 U.S.C. §§1441 and 1446, as amended by the Judicial Improvements and Access to

Justice Acts §1016 (HR 4807), state as follows:

      1.      This suit was commenced by plaintiff in the Superior Court of New Jersey, County of Morris.  Plaintiff seek damages for personal injuries in the amount of $5,000,000.00, exclusive of costs and disbursements.  Plaintiff's causes of action sound in negligence and consumer fraud.  Copies of plaintiff's Summons and Complaint and Defendants' Answer are annexed, cumulatively, as Exhibit "A".

      2.      Plaintiffs' Complaint indicates that plaintiff is a citizen of the State of Florida. See Exhibit "A".

      3.      Defendant, Ashish Dhruvi LLC i/p/a Ramada By Wyndham is a corporation with a principal place of business in Morris County, New Jersey. Defendant Paras Patel is a resident of Scotch Plains, New Jersey.

      4.      Upon information and belief Defendants Wyndham Hotel Group, LLC and Wyndham Hotels & Resorts, Inc. are Delaware corporations with a principal place of business in Parsippany, New Jersey.

      5.      Based upon the foregoing, it appears that there is complete diversity between the plaintiff and the defendants.

6.      The amount in dispute in this action exceeds the sum of $75,000.00 exclusive of interests and costs.

7.      The time to file this Petition for removal of this action to this Court has not elapsed and Defendants' time to answer the summons and complaint has not expired.

WHEREFORE, Ashish Dhruvi LLC i/p/a Ramada By Wyndham and Paras Patel request

that this case be removed to the United States District Court, District of New Jersey, together

with such other and further relief as to this Court may seem just, proper and equitable.

Dated: September 2, 2020

*Yours,*

SMITH MAZURE, P.C.
Attorneys for Ashish Dhruvi LLC i/p/a
Ramada By Wyndham and Paras Patel
92 East Main Street, Suite 402
Somerville, NJ  08876
(212) 964-7400
HUD-00846 NJ

TO:

Jospeh Rakofsky, Esq.
P.O. Box 32250
Newark, NJ  07102
(888) 977-0090/(888) 977-4711 (F)
Attorney for Plaintiffs
Joseph Rakofsky and Jane Doe

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Removal was mailed by first class mail, postage prepaid, this September 2, 2020, to all counsel of record as indicated on the service list below.

Steven M. Pardalis
For the Firm

## SERVICE LIST

Jospeh Rakofsky, Esq.
P.O. Box 32250
Newark, NJ  07102
(888) 977-0090/(888) 977-4711 (F)
Attorney for Plaintiffs
Joseph Rakofsky

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MORRIS COUNTY

-------------------------------------------------------------------X
JOSEPH RAKOFSKY, JANE DOE,

                           Plaintiff,

              v.

*Civil Action No.* MRS-L-1245-20

WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS & RESORTS, INC., RAMADA BY
WYNDHAM, PARAS PATEL, JOHN DOE, HOTEL TONIGHT,

                           Defendants.

-------------------------------------------------------------------X

## PETITION FOR REMOVAL

**SMITH MAZURE, P.C.**
Attorneys for Ashish Dhruvi LLC i/p/a Ramada By Wyndham and Paras Patel
92 East Main Street, Suite 402
Somerville, NJ 08876
(212) 964-7400
HUD-00846 NJ

## CERTIFICATION PURSUANT TO F.R.Civ.P. 11

     CHRISTOPHER W. MCKENNA hereby certifies that, pursuant to F.R.Civ.P. 11, the foregoing is not frivolous nor frivolously presented.

Dated:   Somerville, New Jersey
          September 2, 2020

                                          CHRISTOPHER W. MCKENNA

# EXHIBIT A

Joseph Rakofsky, Esq. (034462009)
P.O. Box 32250
Newark, NJ 07102
Tel. 888.977.0090
Fax. 888.977.4711
*Attorney for Plaintiffs*
--------------------------------------------------X

| | |
|---|---|
| JOSEPH RAKOFSKY<br>JANE DOE, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY |
|           Plaintiffs, | |
| | Docket No.: MRS-L- |
| v. | |
| | <u>CIVIL ACTION</u> |
| WYNDHAM HOTEL GROUP, LLC,<br>WYNDHAM HOTELS & RESORTS,<br>INC.,<br>RAMADA BY WYNDHAM,<br>PARAS PATEL,<br>JOHN DOE,<br>HOTEL TONIGHT, LLC | **COMPLAINT AND<br>JURY DEMAND** |
|           Defendants. | |

--------------------------------------------------X

The Plaintiffs above-named, complaining of the defendants, by their attorney, Joseph Rakofsky, Esq. respectfully allege:

1.      Plaintiff JOSEPH RAKOFSKY (hereinafter referred to as "PLAINTIFF") was, at all relevant times, and is a resident of the State of Florida.

2.      Plaintiff JANE DOE (hereinafter referred to as "PLAINTIFF JANE DOE") was, at all relevant times, and is a resident of the State of New Jersey.

3.      Upon information and belief, at all relevant times, defendant WYNDHAM HOTEL GROUP, LLC (hereinafter referred to as "Hotel Owner") was and is a corporation doing business in the State of New Jersey.

1

4.      Upon information and belief, at all relevant times, defendant WYNDHAM HOTELS & RESORTS, INC. (hereinafter referred to as "Hotel Group") was and is a corporation doing business in the State of New Jersey.

5.      Upon information and belief, at all relevant times, defendant RAMADA BY WYNDHAM (hereinafter referred to as "Hotel") was and is a corporation doing business in the State of New Jersey.

6.      Upon information and belief, at all relevant times, defendant PARAS PATEL (hereinafter referred to as "General Manager") was and is a corporation doing business in the State of New Jersey.

7.      Upon information and belief, at all relevant times, defendant JOHN DOE (hereinafter referred to as "Front Desk attendant") was and is a corporation doing business in the State of New Jersey.

8.      Upon information and belief, at all relevant times, defendant HOTEL TONIGHT, LLC (hereinafter referred to as "Hotel Agent") was and is a corporation doing business in the State of New Jersey.

## STATEMENT OF FACTS

9.      On or about June 10, 2020, Plaintiff paid for a hotel room for two nights at Hotel.

10.      The purchase of the room for two nights at Hotel was facilitated by Hotel Agent.

11.      Hotel is owned by Hotel Owner and Hotel Group.

12.      Hotel is managed by General Manager.

2

13.    Together, Hotel Owner, Hotel Group, Hotel, General Manager and Front Desk Attendant shall be hereinafter referred to as "Wyndham Group Defendants."

14.    On or about June 12, 2020, Plaintiff extended his stay at Hotel for two additional nights.

15.    Upon extending his stay for two additional nights at Hotel, Plaintiff was scheduled to check out on June 14, 2020.

16.    However, on or about June 13, 2020, Plaintiff's hotel room experienced plumbing-related problems.

17.    Consequently, on or about June 13, 2020, Wyndham Group Defendants moved Plaintiffs to Room 242.

18.    On or about June 14, 2020, Plaintiff extended his stay for two additional nights.

19.    Upon extending his stay for two additional nights, Plaintiff was scheduled to check out on June 16, 2020.

20.    On June 14, 2020, at approximately Noon, Plaintiff, JANE DOE, used the toilet in the restroom in Room 242.

21.    Plaintiffs did not leave the door to their hotel room open; instead, the door to their hotel room was closed and the lock on the door was locked.

22.    At that time, even though Plaintiff had already extended their stay until June 16, 2020, Defendant, Front Desk attendant, who is an adult male, used a special Master key and intentionally entered Plaintiffs' hotel room (*i.e.*, Room 242) without permission from Plaintiffs.

23.    At that time, Plaintiffs were both undressed.

3

24.    At that time, while standing in Plaintiffs' hotel room, Defendant, Front Desk attendant, who is an adult male, leered at Plaintiff, JANE DOE, while she was undressed in the bathroom, as the bathroom door was already wide open.

25.    At that time, Front Desk attendant, claimed that he was under the mistaken belief that Plaintiffs had not extended their stay at Hotel.

26.    Consequently, Plaintiff explained to Front Desk attendant, that being under the alleged mistaken belief that Plaintiffs had not extended their stay, did not excuse Front Desk attendant's unlawful act of using his position to obtain a special Master Key to unlock the door to Plaintiffs' hotel room and walk into Plaintiffs' hotel room without Plaintiffs' consent.

27.    At that time, Front Desk attendant vacated Plaintiffs' hotel room.

28.    Only moments later, Front Desk attendant called Plaintiffs on the hotel room telephone.

29.    At that time, Front Desk attendant changed his story and argued that he was justified for using the special Master Key to unlock the door to Plaintiffs' hotel room and enter Plaintiffs' hotel room without Plaintiffs' consent because the room for which Plaintiff paid allegedly was a less expensive room than Room 242.

30.    At that time, Front Desk attendant admitted that the telephone conversation was being recorded.

31.    Moments later, Front Desk attendant called Plaintiffs on the hotel room telephone yet again.

32.    At this time, Front Desk attendant demanded that Plaintiffs provide him with an exact time at which point Plaintiffs would vacate the room.

4

33.    Consequently, Plaintiff explained that he was unable to provide the exact time at which point Plaintiffs would vacate Hotel, notwithstanding that Plaintiff was scheduled to check out on June 16, 2020.

34.    Thereafter, Front Desk attendant threatened to charge Plaintiff an additional sum of money for being unable to provide an exact time at which point he and his female guest would vacate the hotel room.

35.    In fact, Plaintiff observed Wyndham Group Defendants and Hotel Agent, through their Front Desk attendant, attempt to enter another guest's hotel room without permission.

36.    Front Desk attendant's attempt Plaintiffs' hotel room without permission, as well as another guest's hotel room without permission constitutes a pattern of conduct.

37.    Due to the conduct perpetrated by Wyndham Group Defendants and Hotel Agent, through Front Desk attendant, Plaintiff, JANE DOE, was visibly shaking and was unable to pack her belongings without suffering extreme distress.

38.    Despite the fact that Plaintiff paid for the hotel room at Hotel until June 16, 2020, Plaintiffs immediately vacated Hotel.

39.    Because they were afraid of that which the Wyndham Group Defendants might do next, instead of waiting inside their hotel room, which was already paid for, but unlawfully breached and violated by Front Desk attendant, or waiting in the lobby, or waiting on the bench directly outside the lobby, Plaintiffs waited outside Hotel, at the edge of the property, for a car to pick them up, so they could leave the Hotel.

40.    On June 14, 2020, Plaintiff reported the aforementioned events to the Rockaway Boro Police Department.

41.     Shortly thereafter, Plaintiffs filed the instant lawsuit.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER VIOLATION OF
## CONSUMER FRAUD ACT

42.     Plaintiffs hereby repeat the allegations of paragraphs 1 through 41, inclusive, with the same force and effect as though set forth at length herein.

43.     Wyndham Group Defendants and Hotel Agent made a material misrepresentation of a presently existing or past fact when they stated that Plaintiffs would be provided a safe and private hotel room, should they purchase it from Hotel Agent.

44.     Wyndham Group Defendants and Hotel Agent knew or believed that their promises were empty and that they would not fulfill such promises.

45.     Wyndham Group Defendants and Hotel Agent sought to enrich themselves by continuing to collect money from Plaintiff (and other guests similarly-situated).

46.     Wyndham Group Defendants and Hotel Agent intended for Plaintiffs to rely on their material misrepresentations.

47.     Plaintiffs relied upon Wyndham Group Defendants' and Hotel Agent's material misrepresentations.

48.     Wyndham Group Defendants and Hotel Agent perpetrated unconscionable commercial practices, deception and fraud.

49.     Wyndham Group Defendants abused their privilege of incorporation by using their subsidiary or agent to perpetrate a fraud or injustice or otherwise to circumvent the law.

50.     Adherence to the fiction of a separate corporate existence would perpetrate a fraud or injustice, or otherwise circumvent the law.

51.     As a direct and proximate result of the repeated and ongoing fraudulent acts alleged herein, Plaintiffs suffered an ascertainable loss.

52.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's fraudulent acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE**, Plaintiffs pray judgment against Defendants on this First Cause of Action contained herein in an amount to be determined at Trial and that the court assess <u>treble</u> damages, punitive damages, together with the costs of suit and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION UNDER FRAUD

53.     Plaintiffs hereby repeat the allegations of paragraphs 1 through 52, inclusive, with the same force and effect as though set forth at length herein.

54.     Defendant violated N.J. Rev Stat § 2C:21-7 (2014).

55.     Defendants made a material misrepresentation of a presently existing or past fact when it stated that Plaintiffs would be provided a safe and private hotel room, should they purchase a hotel room.

56.     Defendants knew or believed that their promises were empty and they would not fulfill such promises.

57.     Defendants sought to enrich themselves by continuing to collect money from Plaintiff (and other guests similarly-situated).

58.     Defendants     intended     for     Plaintiffs     to     rely     on     their     material misrepresentations.

59.     Plaintiffs relied upon Defendants' material misrepresentations.

60.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's fraudulent acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of

Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE**, Plaintiffs pray judgment against Defendants on this Second Cause of Action contained herein in an amount to be determined at Trial and that the court assess <u>treble</u> damages, punitive damages, together with the costs of suit and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION UNDER NEGLIGENCE

61.     Plaintiffs hereby repeat the allegations contained in paragraphs 1 through 60 hereof with the same force and effect as though set forth at length herein.

62.     Defendants had and have a duty not to abuse their power to enter the hotel room of Plaintiffs (and other guests similarly-situated) without permission.

63.     Defendants breached such duty.

64.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's negligent acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical

rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter

      **WHEREFORE**, Plaintiffs pray judgment against Defendants on this Third Cause of Action contained herein in an amount to be determined at Trial and that the court assess punitive damages, together with the costs of suit and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION UNDER BREACH OF CONTRACT

65.    Plaintiffs hereby repeat the allegations contained in paragraphs 1 through 64 hereof with the same force and effect as though set forth at length herein.

66.    Defendants entered into a contract with Plaintiff.

67.    Plaintiff satisfied his obligations under the contract.

68.    Defendants breached such contract.

69.    As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's unlawful acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or

foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE**, Plaintiffs pray judgment against Defendants on this Fourth Cause of Action contained herein in an amount to be determined at Trial and that the court assess punitive damages, together with the costs of suit and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION UNDER UNJUST ENRICHMENT

70. Plaintiffs hereby repeat the allegations of paragraphs 1 through 69, inclusive, with the same force and effect as though set forth at length herein.

71. Defendants retained money, which was paid by Plaintiff and, of which, Plaintiff was improperly deprived.

72. Defendants' retention of the aforementioned moneys would be unjust.

73. As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's intentional acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic

emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE,** Plaintiffs pray judgment against Defendant on this Fifth Cause of Action contained herein and that the Court assess punitive damages, together with the costs of suit and attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION UNDER NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74.     Plaintiffs hereby repeat the allegations of paragraphs 1 through 73, inclusive, with the same force and effect as though set forth at length herein.

75.     Defendants acted negligently.

76.     Defendants' conduct evidenced by Front Desk attendant's unlawful act of using his position to obtain a special Master Key to unlock the door to Plaintiffs' hotel

room and walk into Plaintiffs' hotel room without Plaintiffs' consent, while Plaintiffs were undressed, was extreme and outrageous.

77.     As a direct and proximate cause of Defendants' breach of their duties, Plaintiffs suffered grave emotional distress.

78.     The emotional distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

79.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's negligent acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE,** Plaintiffs pray judgment against Defendant on this Sixth Cause of Action contained herein and that the Court assess punitive damages, together with the costs of suit and attorney's fees.

**AS AND FOR AN SEVENTH CAUSE OF ACTION UNDER INTENTIONAL**

**INFLICTION OF EMOTIONAL DISTRESS**

80.     Plaintiffs hereby repeat the allegations of paragraphs 1 through 79, inclusive, with the same force and effect as though set forth at length herein.

81.     Defendants' aforementioned conduct evidenced by Front Desk attendant's unlawful act of using his position to obtain a special Master Key to unlock the door to Plaintiffs' hotel room and walk into Plaintiffs' hotel room without Plaintiffs' consent, while Plaintiffs were undressed, was intentional or reckless.

82.     Defendants knew or should have known that emotional distress would likely result.

83.     Defendants' conduct was outrageous and is to be regarded as odious and utterly intolerable in a civilized community.

84.     Defendants' conduct caused the emotional distress.

85.     Plaintiffs' emotional distress was and is severe.

86.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's intentional acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of

14

Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE,** Plaintiffs pray judgment against Defendant on this Seventh Cause of Action contained herein and that the Court assess punitive damages, together with the costs of suit and attorney's fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION UNDER
## INTRUSION ON SECLUSION

87.     Plaintiffs hereby repeat the allegations of paragraphs 1 through 86, inclusive, with the same force and effect as though set forth at length herein.

88.     Defendants intentionally intruded or pried into Plaintiffs' seclusion without permission from the Plaintiffs.

89.     Defendants' intrusion was highly offensive to a reasonable person.

90.     The activities upon which Defendants intruded was private.

91.     The aforementioned intrusion was the cause of Plaintiffs' injuries.

92.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's intentional acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or

foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE,** Plaintiffs pray judgment against Defendant on this Eighth Cause of Action contained herein and that the Court assess punitive damages, together with the costs of suit and attorney's fees.

## **RELIEF SOUGHT**

93.     As a direct, specific and proximate consequence of Wyndham Group Defendants' and Hotel Agent's fraudulent acts, Plaintiffs have suffered terrible mental anguish. Because Plaintiffs suffered physical pain, mental anguish and a traumatic emotional injury at the hands of Wyndham Group Defendants and Hotel Agent, as well as their agents, they have been deprived of the ability to provide services in interstate or foreign commerce for the next thirty years and earn income. In addition, Plaintiffs suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of their lives, to deal with the various traumas associated with their injuries due to the intentional or negligent acts of

16

Wyndham Group Defendants and Hotel Agent, as well as their agents. In addition, Plaintiffs have been injured by those acts engaged in heretofore by Wyndham Group Defendants and Hotel Agent, as well as their agents, which has caused their health and quality of life to be profoundly impaired, have lost their ability to work in a meaningful way and to provide, for themselves, the basic necessities that a human being requires for survival now and hereafter.

**WHEREFORE**, Plaintiffs pray judgment against the defendants jointly and severally as follows:

A.  in an amount to be determined at trial of this action and that the court assess punitive damages, together with the costs of suit, disbursements and attorney's fees, and

B.  Such other and further relief as to which this Court may deem proper and applicable to award.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues in the cause.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that Joseph Rakofsky, Esq. is hereby designated as trial counsel.

17

## CERTIFICATION PURSUANT TO R. 1:38-7(b) and R. 4:5-1

To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time. Further, to the best of my knowledge and belief, all confidential personal identifiers have been removed from this Complaint.

*I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.*

Dated: June 14, 2020

Respectfully Submitted,

__/s:*Joseph Rakofsky*/__
By: Joseph Rakofsky, Esq.
*Attorney for Plaintiffs*

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-001245-20

**Case Caption:** RAKOFSKY JOSEPH  VS WYNDHAM HOTEL GROUP,  LLC

**Case Initiation Date:** 06/14/2020

**Attorney Name:** JOSEPH RAKOFSKY

**Firm Name:** INJURY & ACCIDENT LAW RAKOFSKY, LLC

**Address:** P.O. BOX 32250

NEWARK NJ 07102

**Phone:** 8889770090

**Name of Party:** PLAINTIFF : Rakofsky, Joseph

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Joseph Rakofsky?** NO

**Are sexual abuse claims alleged by: Jane Doe?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2020
Dated

/s/ JOSEPH RAKOFSKY
Signed

**ATTORNEY ID:  0202719995**
**SMITH MAZURE, P.C.**
92 East Main Street, Suite 402
Somerville, NJ  08876
MAIL PROCESSING CENTER
111 John Street
New York, NY  10038
(212) 964-7400
Our File No. HUD-00846 NJ
*Attorneys for Defendants*
*Ashish Dhruvi LLC i/p/a Ramada By Wyndham and Paras Patel*

| | |
|---|---|
| --------------------------------------------------------X<br><br>JOSEPH RAKOFSKY, JANE DOE,<br><br>               Plaintiff,<br><br>      v.<br><br>WYNDHAM HOTEL GROUP, LLC,<br>WYNDHAM HOTELS & RESORTS, INC.,<br>RAMADA BY WYNDHAM, PARAS PATEL,<br>JOHN DOE, HOTEL TONIGHT,<br><br>             Defendants.<br>--------------------------------------------------------X | SUPERIOR COURT<br>LAW DIVISION:  COUNTY OF MORRIS<br><br>DOCKET NO. MRS-L-1245-20<br><br>*Civil Action*<br><br>**ANSWER AND JURY DEMAND** |

Defendants, Ashish Dhruvi LLC i/p/a Ramada By Wyndham and Paras Patel, by way of Answer to Complaint, say(s):

1. Neither admitted or denied.  Plaintiffs are left to their proofs.

2. Neither admitted or denied.  Plaintiffs are left to their proofs.

3. Neither admitted or denied.  Plaintiffs are left to their proofs.

4. Neither admitted or denied.  Plaintiffs are left to their proofs.

5. Neither admitted or denied.  Plaintiffs are left to their proofs.

6. Neither admitted or denied.  Plaintiffs are left to their proofs.

7. Neither admitted or denied.  Plaintiffs are left to their proofs.

8. Neither admitted or denied.  Plaintiffs are left to their proofs.

## STATEMENT OF FACTS

9. Neither admitted or denied.  Plaintiffs are left to their proofs.

10.     Neither admitted or denied.  Plaintiffs are left to their proofs.

11.     Neither admitted or denied.  Plaintiffs are left to their proofs.

12.     Neither admitted or denied.  Plaintiffs are left to their proofs.

13.     Neither admitted or denied.  Plaintiffs are left to their proofs.

14.     Neither admitted or denied.  Plaintiffs are left to their proofs.

15.     Neither admitted or denied.  Plaintiffs are left to their proofs.

16.     Neither admitted or denied.  Plaintiffs are left to their proofs.

17.     Neither admitted or denied.  Plaintiffs are left to their proofs.

18.     Neither admitted or denied.  Plaintiffs are left to their proofs.

19.     Neither admitted or denied.  Plaintiffs are left to their proofs.

20.     Neither admitted or denied.  Plaintiffs are left to their proofs.

21.     Neither admitted or denied.  Plaintiffs are left to their proofs.

22.     Neither admitted or denied.  Plaintiffs are left to their proofs.

23.     Neither admitted or denied.  Plaintiffs are left to their proofs.

24.     Neither admitted or denied.  Plaintiffs are left to their proofs.

25.     Neither admitted or denied.  Plaintiffs are left to their proofs.

26.     Neither admitted or denied.  Plaintiffs are left to their proofs.

27.     Neither admitted or denied.  Plaintiffs are left to their proofs.

28.     Neither admitted or denied.  Plaintiffs are left to their proofs.

29.     Neither admitted or denied.  Plaintiffs are left to their proofs.

30.     Neither admitted or denied.  Plaintiffs are left to their proofs.

31.     Neither admitted or denied.  Plaintiffs are left to their proofs.

32.     Neither admitted or denied.  Plaintiffs are left to their proofs.

33.     Neither admitted or denied.  Plaintiffs are left to their proofs.

34.     Neither admitted or denied.  Plaintiffs are left to their proofs.

35.     Neither admitted or denied.  Plaintiffs are left to their proofs.

36.    Neither admitted or denied.  Plaintiffs are left to their proofs.

37.    Neither admitted or denied.  Plaintiffs are left to their proofs.

38.    Neither admitted or denied.  Plaintiffs are left to their proofs.

39.    Neither admitted or denied.  Plaintiffs are left to their proofs.

40.    Neither admitted or denied.  Plaintiffs are left to their proofs.

41.    Neither admitted or denied.  Plaintiffs are left to their proofs.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER VIOLATION OF CONSUMER FRAUD ACT

42.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

**AS AND FOR A SECOND CAUSE OF ACTION UNDER FRAUD**

53.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

**AS AND FOR A THIRD CAUSE OF ACTION UNDER NEGLIGENCE**

61.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

62.    Denied.

63.    Denied.

64.    Denied.

**AS AND FOR A FOURTH CAUSE OF ACTION UNDER BREACH OF CONTRACT**

65.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

**AS AND FOR A FIFTH CAUSE OF ACTION UNDER UNJUST ENRICHMENT**

70.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

71.    Denied.

72.    Denied.

73.    Denied.

**AS AND FOR A SIXTH CAUSE OF ACTION UNDER UNJUST ENRICHMENT**

74.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

**AS AND FOR A SEVENTH CAUSE OF ACTION UNDER UNJUST ENRICHMENT**

80.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

### AS AND FOR AN EIGHTH CAUSE OF ACTION UNDER UNJUST ENRICHMENT

87.    As and for its response to each and every allegation contained in the First Count, the defendants repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

### RELIEF SOUGHT

93.    Denied.

### SEPARATE DEFENSES

1.    The accident was caused by the negligence of others over whom we had no control.

2.    The claim is barred by the doctrines of contributory negligence and comparative negligence.

3.    The Complaint fails to state a cause of action upon which relief can be granted.

4.    The cause of action asserted in the Complaint is barred by the running of the Statute of Limitations, *N.J.S.A. 2A:14-2.*

5.    This Court lacks jurisdiction over the subject matter of this action.

6.    This Court lacks in personal jurisdiction over the subject matter of this action due to insufficiency of service of process.

7.    Defendant states that the accident was the result of an unavoidable accident insofar as this defendant is concerned and was the direct result of an Act of God.

8.    This defendant violated no legal duty owed to this Plaintiff.

9.    There was a failure of consideration of the alleged contract by Plaintiff(s).

10.    Plaintiff is barred from recovery by virtue of the Doctrine of Assumption of Risk.

11.    Plaintiff is barred from recovery by virtue of the Doctrine of Laches.

12.    Plaintiff is barred from recovery by virtue of the Doctrine of Unclean Hands.

13.    Plaintiff is barred from recovery by virtue of the Doctrine of Collateral Estoppel.

14.    Plaintiff is barred from recovery by virtue of the Doctrine of Law of the Case.

15.    Plaintiff is barred from recovery by virtue of the Doctrine of Entire Controversy.

16.    Plaintiff is barred from recovery by virtue of the Doctrine of Fraud.

17.    Defendant pleads any and all defenses available pursuant to the New Jersey Consumer Fraud Act.

## CROSSCLAIMS

### FIRST COUNT

We claim contribution, jointly and severally, in accordance with the Comparative Negligence Act, the Joint Tortfeasor's Act, and where applicable, the New Jersey Tort Claims Act, from all Defendants, and Third Party Defendants, if any, for all sums that may be adjudged against us.

### SECOND COUNT

This Defendant demands along with any common law indemnification, its right to contractual indemnification and defense by virtue of its agreements with Defendants and Third-Party Defendants, if any.

### THIRD COUNT

While this Defendant denies any liability to Plaintiff(s), it asserts that, if it is adjudged liable, such liability is merely vicarious and imputed and the result of primary liability on the part of other Defendants, and Third Party Defendants, making said other parties primarily liable and entitling this Defendant to full indemnification.

WHEREFORE, this Defendant demands Judgment, jointly and severally, against all other Defendants, and Third Party Defendants, if any, for any sums recovered against this Defendant together with attorney's fees and costs of suit.

### DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE that, pursuant to Rule 4:5-2, the party filing this answer requires you, within five days, furnish him or her with a statement of damages claimed.

### PROOF OF SERVICE

I hereby certify that the original of this Answer has been filed with the Clerk of the Superior Court and that a copy of said Answer has been served upon opposing counsel on even date hereof by first-class mail and within the time period allowed by Rule 4:6.

SMITH MAZURE, P.C.

Dated: August 25, 2020          By: _____
                                    CHRISTOPHER W. MCKENNA

### JURY DEMAND

The defendants hereby request a trial by jury.

### CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in court or arbitration proceeding, nor is any contemplated.  Upon information and belief, there are no other parties who should be joined in this action at the present time.

SMITH MAZURE, P.C.

Dated: August 25, 2020          By: _____
                                    CHRISTOPHER W. MCKENNA

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that, pursuant to Rule 4:25-4, notice is hereby given that CHRISTOPHER W. MCKENNA, is designated as trial counsel in the above matter.

SMITH MAZURE, P.C.
*Attorneys for Defendants*
*Ashish Dhruvi LLC i/p/a Ramada By Wyndham*
*and Paras Patel*

Dated: August 25, 2020          By: _____
                                    CHRISTOPHER W. MCKENNA

CWM/gmw
14

- 8 -

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-001245-20

**Case Caption:** RAKOFSKY JOSEPH VS WYNDHAM HOTEL GROUP LLC

**Case Initiation Date:** 06/14/2020

**Attorney Name:** CHRISTOPHER WALTER MC KENNA

**Firm Name:** SMITH MAZURE ET AL

**Address:** 92 EAST MAIN STREET SUITE 402 SOMERVILLE NJ 088761824

**Phone:** 9083937300

**Name of Party:** DEFENDANT : PATEL, PARAS

**Name of Defendant's Primary Insurance Company** (if known): HUDSON INSURANCE CO

**Case Type:** TORT-OTHER

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: JANE  DOE?** NO

**Are sexual abuse claims alleged by: JOSEPH  RAKOFSKY?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/25/2020                                                                /s/ CHRISTOPHER WALTER MC KENNA
Dated                                                                             Signed

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | |
| | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____